**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JON ACIEGO, and
ELIZABETH ACIEGO

Plaintiffs,

vs. Case No. 3:26-cv-2383-MMH-PDB

ZEPHYR INTERNATIONAL, LLC,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, the Court's diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332, which requires a showing of complete diversity of the citizenship of all plaintiffs and defendants and an amount in controversy over $75,000. Defendant attempts to establish amount in controversy in its Notice of Removal to Federal Court (Doc. 1; Notice of Removal), filed September 11, 2026, by referencing the Videotaped Deposition of Jon Aciego (Doc. 1-6; Deposition), filed September 11, 2026. See Notice of Removal at 2. Specifically, Defendant alleges the Deposition establishes that Plaintiff's medical bills to date equal "$52,623.58 or more," Plaintiff's lost past wages equal $1,657.44, Plaintiff's lost future wages equal "$37,292.40 or more," and Plaintiff's pain and suffering equal "$100,000 or more." See id. Defendant provides no citation identifying the pages in the Deposition where this information can be found. To the extent Defendant performed calculations based on testimony in the Deposition to reach these numbers, Defendant also did not provide any explanation of how it did so. Upon the Court's review of the Deposition, the Court found reference to "about $1,657.00 in lost wages." See Deposition at 152. However, the Court was unable to locate any of the other numbers Defendant referenced in the Notice of Removal. On this record, the Court is unable to determine whether the amount in controversy is over $75,000 in this case. See Pretka v. Kolter City Plaza II,

Inc., 608 F.3d 744, 753-54 (11th Cir. 2010) ("[W]ithout facts or specific allegations, the amount in controversy [can] be divined [only] by looking at the stars—only through speculation—and that is impermissible." (internal quotation omitted)).

Additionally, the Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id. Here, Defendant alleges that it is a citizen of South Carolina because its only two members are citizens of South Carolina. See Notice of Removal at 3. However, Defendant does not disclose either the identities or the nature of any of its members. Without knowledge of the identity and citizenship of Defendant's various members, the Court is unable to determine whether complete diversity exists between Plaintiffs and Defendant. See Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011) (requiring plaintiff LLC to identify its members

and their respective citizenship); Meyerson v. Showboat Marina Casino P'ship, 312 F.3d 318 (7th Cir. 2002) (instructing district court to remand action to state court where defendant partnership's jurisdictional allegations repeatedly failed to "tell us the identity and citizenship of the partners in the two entities that own [defendant partnership]"). Indeed, without such information, the Court cannot trace Defendant's members' citizenship "through however many layers of partners or members there may be." See Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also D.B. Zwirn Special Opportunities Fund, L.P., 661 F.3d at 126-27 ("If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

Finally, Defendant alleges that Plaintiffs are citizens of Florida. See Notice of Removal at 3. Prior to that allegation, Defendant asserts "one such presumption [in determining domicile] is that the state in which a person resides at any given time is also that person's domicile." See id. The Court cautions Defendant that "[r]esidence alone is not enough" in determining domicile for diversity jurisdiction. Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). Instead, citizenship is based on an individual's domicile, which requires both residence and "'an intention to remain there indefinitely.'" See id. at 1269 (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th

Cir. 2002)); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks Mfg. Co., 592 F.3d at 419, the Court will afford Defendant an opportunity to submit sufficient information to establish this Court's diversity jurisdiction over the instant action.[1]

Accordingly, it is

**ORDERED**:

[1] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Defendant shall have up to and including **October 6, 2026,** to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc37

Copies to:
Counsel of Record